FILED
APR 01 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA      '08 MJ 8270

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Jose R. VAZQUEZ,<br><br>    Defendant. | Magistrate Case No.:<br><br>COMPLAINT FOR VIOLATION OF<br><br>21 U.S.C. § 952 and 960<br>Importation of a Controlled<br>Substance (Felony) |

The undersigned complainant being duly sworn states:

That on or about March 30, 2008, within the Southern District of California, defendant Jose R. VAZQUEZ, did knowingly and intentionally import approximately 22.52 kilograms (49.54 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

                                          Vincent McDonald Special Agent
                                          U.S. Immigration & Customs
                                          Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 1ST DAY OF APRIL 2008.

                                          Pete C. Lewis
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Jose R. VAZQUEZ

## STATEMENT OF FACTS

This complaint is based on the reports, documents, and notes furnished to U. S. Immigration and Customs Enforcement Special Agent (S/A) Vincent McDonald.

On March 30, 2008, at approximately 1638 hours, Jose R. VAZQUEZ attempted to enter the United States from the Republic of Mexico via the Calexico, CA West Port of Entry. VAZQUEZ was the driver, sole occupant, and registered owner of a 2007 Toyota Camry.

Customs & Border Protection Officer (CBPO) J. Jones and CBPO E. Garcia were conducting pre-primary operations at the vehicle crossing lanes of the Calexico, CA West Port of Entry when CBPO J. Jones canine alerted to the rear bumper of a 2007 Toyota Camry.

CBPO E. Garcia approached the vehicle and observed VAZQUEZ as the driver. CBPO E. Garcia obtained a negative Customs declaration from VAZQUEZ. CBPO E. Garcia asked VAZQUEZ where he was going. VAZQUEZ stated he was going to "Mervyn's." CBPO E. Garcia asked VAZQUEZ who owned the vehicle. VAZQUEZ stated he owned the vehicle. CBPO E. Garcia asked VAZQUEZ for his identification. VAZQUEZ's hand began to shake while he presented CBPO E. Garcia a valid Mexican passport. CBPO E. Garcia instructed VAZQUEZ to exit the vehicle and escorted him to the vehicle secondary (VS) office.

In the VS inspection area, CBPO E. Garcia and CBPO J. Jones continued to examine the Camry. CBPO J. Jones smelled bondo and observed the rear passenger side shock close to the tire was tampered with.

The tire was removed and CBPO E. Garcia observed bondo and an access plate

inside the wheel-well. The access plate was opened and it revealed hidden packages. A total of 20 packages were extracted from the secret compartment wrapped in black carbon paper and clear cellophane, the combined weight of the packages was 22.52 kilograms (49.54 pounds). A package was probed and produced a white powdery substance. The substance was field-tested and tested positive for cocaine.

VAZQUEZ was placed under arrest and advised of his rights per Miranda, which he acknowledged and waived, agreeing to answer questions without the presence of an attorney. VAZQUEZ stated "Javier" contacted him and asked him if he could transport marijuana into the U.S. utilizing a vehicle. VAZQUEZ agreed to register the vehicle in his name and but he thought he was transporting marijuana across the border not cocaine. VAZQUEZ stated he was to be paid $3,000 for the transportation of the drugs. VAZQUEZ claimed he was instructed to drive the vehicle to "Mervyn's" in Calexico, CA and park in front of the store. Upon arrival VAZQUEZ claimed "Javier" would contact him on his cellular telephone and an unidentified subject would take possession of the vehicle from him at "Mervyn's." VAZQUEZ claimed he was advised to wait in the area until the vehicle was returned to him. VAZQUEZ stated he was provided $750 by "Javier" for expenses that may arise during the operation.